UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                                                   :

In re:                                            :   Chapter 7

GATEWAY KENSINGTON LLC,           :   Case No.: 21-22274 (RDD)

              Debtor.                     :

------------------------------------- x

**CONSENT ORDER APPOINTING EXAMINER PURSUANT TO
11 U.S.C. SECTION 1104(c)**

Upon the motion [ECF Docket Nos. 37, 39, 40, 48 and 49] (the "Motion") of James Carnicelli Jr. ("Carnicelli") for an order seeking (1) appointment of a Chapter 11 trustee pursuant to 11 U.S.C. §1104(a), (2) the appointment of a Chapter 11 examiner pursuant to 11 U.S.C. §1104(c), (3) leave of court to commence actions on behalf of the Chapter 11 estate against John Fareri and associated entities and affiliates, and (4) such other relief as is just under the circumstances; and the Debtor, Carnicelli and Howard Magaliff, chapter 7 trustee for the estate of creditor The Gateway Development Group, Inc. having negotiated regarding the Motion and the form of this Order to resolve the Motion; and upon the objection of Sterling National Bank to the original form of this Order (the "Objection"); and there being no other pleadings filed in response to the Motion; and upon the record of the hearing held by the Court on the Motion, at which the Objection was withdrawn; and after due deliberation the Court having found and determined that sufficient grounds exist for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c) and that such appointment is in the best interest of creditors, equity security holders and other interests of the estate, it is hereby

      **ORDERED,** that the Motion is granted to the extent provided for herein; and it is further

{00036452v2 }

**ORDERED**, that pursuant to 11 U.S.C. § 1104(c), the Office of the United States Trustee shall appoint an examiner (the "Examiner") to discharge those duties incumbent upon an Examiner consistent with the applicable statute and the provisions of this Order; and it is further

**ORDERED,** that the Examiner shall have unfettered access to (i) all personal and real property, bank accounts and books and records of the Debtor, including but not limited to closing statements from the sale of the Debtor's real property and the Debtor's tax returns, wherever such property, accounts and books and records may exist including such electronic records as may exist; and it is further

**ORDERED,** that the Examiner's duties shall include:

(a) the investigation to determine the existence of any claims of the Debtor's estate which may exist against any "insiders" or "affiliates" of the Debtor, as defined in 11 U.S.C> §§s 101(2) and (31), including but not limited to claims arising under chapter 5 of the Bankruptcy Code or pursuant to Article 10 of the New York State Debtor Creditor Law, § 270 et. seq. and the strength of any defenses thereto;

(b) the review of claims, whether scheduled or filed, asserted against the Debtor's estate by any "insiders" or "affiliates" of the Debtor; and

(c) the investigation of the transfer of tax credits under the New York State Brownfield Clean Up Program and other programs obtained in connection with the development of the Debtor's real property located at 15 Kensington Road, Bronxville, New York from the Debtor to John Fareri personally, and whether the Debtor's estate has any claims related thereto;

and it is further

**ORDERED,** that the Examiner shall file with the Court a report as to the Examiner's findings with respect to the above-enumerated duties on or before one hundred and twenty (120) days from entry of this Order (unless such deadline is extended by the Court upon written request by the Examiner and on notice to all parties), and serve such report upon (a) Kirby, Aisner & Curley LLP; (b) Carnicelli's counsel (i) Davidoff Hutcher & Citron LLP, attn: Robert L. Rattet, Esq. (ii) Pastore LLC; and (iii) Levitt LLP; (c) Howard Magaliff, Trustee for Development; (d) Theresa Driscoll, Esq., counsel for Sterling National Bank, (e) the Office of the United States Trustee, attn: Brian Masumoto, Esq.; (f) Leonard Benowich, Esq., (g) Mark Tulis, Esq., and (h) any other interested party requesting the same; and it is further

**ORDERED**, that upon no less than ten (10) business days' notice, the Examiner may, upon application, apply to the Court for an expansion of the above enumerated powers, including but not limited to a request to retain professionals, that are, in the Examiner's opinion, necessary or appropriate to carry out the intent of this Order; and it is further

**ORDERED**, that the Examiner shall be compensated for services rendered and reimbursed reasonable and necessary expenses and will file interim and final fee applications for allowance of compensation and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and the fee and expense orders and guidelines of the Court; and it is further

**ORDERED,** that the Examiner's allowed fees and expenses shall not be paid from the cash collateral of Sterling National Bank absent consent by it or an order of the Court after notice and the opportunity for a hearing, and nothing contained herein shall be deemed a waiver of any of Sterling National Bank's rights with respect thereto; and it is further

**ORDERED,** that this Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation or interpretation of this Order.

Dated: White Plains, New York
       September 27, 2021

                                        /s/ Robert D. Drain
                                        HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE