UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

In re:

GATEWAY KENSINGTON LLC,                        Chapter 11
                                               Case No. 21-22274 (RDD)

                        Debtor.

------------------------------------------------------------------X

## ORDER (I) AUTHORIZING FREE AND CLEAR PRIVATE SALE OF 15 KENSINGTON ROAD, UNIT #211, BRONXVILLE, NEW YORK, AND (II) GRANTING RELATED RELIEF

**UPON** the motion, dated March 30, 2022 [ECF No. 145] (the "Motion")[1] of Gateway Kensington LLC, the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), by its attorneys, Kirby Aisner & Curley LLP, seeking entry of an order (i) pursuant to §§ 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") authorizing the private sale of the Debtor's real property located at 15 Kensington Road, Unit #211, Bronxville, New York (the "Property") to Oscar H. Mak and Sharon S. Kim (together, the "Purchaser") pursuant to a Purchase and Sale Agreement dated March 21, 2022, a copy of which is attached to the Motion (the "Contract"), free and clear of any and all liens, claims, interests, and encumbrances of whatever kind or nature, and (ii) pursuant to §§ 328(a) and 330 of the Bankruptcy Code approving and authorizing the payment of the earned broker's commission and other closing costs at closing in connection with such sale; and after due and sufficient notice of the Motion, there being no objections to the requested relief; and upon the record of the hearing held by the Court on the Motion on April 25, 2022 (the "Hearing"); and after due deliberation it appearing that the sale is a prudent exercise of the Debtor's business judgment,

---

[1] Capitalized terms used herein not otherwise defined shall have the meaning ascribed to them in the Motion.

is fair and reasonable and in the best interests of the Debtor and the estate, and that one or more of

the grounds for the sale being free and clear of liens, claims, interests, and encumbrances of

whatever kind or nature in, on, or against the Property under § 363(f) of the Bankruptcy Code

have been satisfied; and good and sufficient cause appearing; now, therefore,

**IT IS HEREBY FOUND AND DETERMINED THAT**:[2]

A.    This Court has jurisdiction over the Motion and the Sale of the Property pursuant

to 28 U.S.C. §§ 157(b)(1) and 1334(b).

B.    Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408

and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.    The statutory predicates for the relief sought in the Motion are §§ 105(a), 363(b)

and (f), and 328(a) and 330, of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

D.    Based upon the certificate of service filed with the Court [ECF No. 146], (i) notice

of the Motion and Hearing was due and sufficient under the circumstances of this Chapter 11 Case,

(ii) the Debtor has complied with the applicable requirements of the Bankruptcy Code and the

Bankruptcy Rules, (iii) all necessary parties have had a reasonable opportunity to object and be

heard with respect to the Motion and the relief requested therein, and (iv) no further or other notice

beyond that described in the foregoing, or a further hearing is required in connection with the

Motion.

E.    The total consideration provided for in the Contract for the Property is fair and

reasonable, is the highest and best offer received by the Debtor after an arms-length marketing of

the Property, and constitutes reasonably equivalent value under the Bankruptcy Code.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate. *See,* Fed.R.Bankr.P. 7052 and 9014.

F.       The transfer of the Debtor's right, title and interest in the Property to the Purchaser will be a legal, valid, enforceable, and effective transfer of the Property, and will vest Purchaser with all of the Debtor's right, title and interest of, in and to the Property, free and clear of all liens, claims, interestss and encumbrances thereon or therein of any kind or nature (including, without limitation, those of all federal, State and local taxing authorities), whether arising prior to or as a consequence of or subsequent to the commencement of this Chapter 11 Case, whether arising in connection with the sale as authorized by this Order, whether imposed by agreement, understanding, law, equity or otherwise, whether secured or unsecured, known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or un-matured, material or non-material, disputed or undisputed, except as specifically set forth in the Contract (the "Liens and Claims"), with such Liens and Claims to attach to the proceeds of the Sale of the Property in the same amount and order of priority, with the same validity, force, and effect, and subject to the same defenses as existed immediately before the closing of the Sale.

G.       Purchaser would not have entered into the Contract and would not consummate the Sale, thus adversely affecting the Debtor, its estate, and its creditors, if the Sale of the Property to the Purchaser were not free and clear of the Liens and Claims.

H.       The Debtor may sell the Property free and clear of all Liens and Claims, as set forth in this Order, because, with respect to each creditor asserting such Liens and Claims, one or more of the standards set forth in Sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

I.      The Purchaser is not an insider, the Debtor and the Purchaser have dealt with each other at arms-length and in good faith, and if Purchaser closes the Sale as provided herein, the Purchaser shall have the protections provided for in § 363(m) of the Bankruptcy Code.

Now, therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is granted**,** as set forth herein.

2.      Pursuant to § 363(b) and (f) of the Bankruptcy Code, the Debtor is authorized to, and shall, convey the Property under the Contract to the Purchaser, or such entity designated by Purchaser as permitted under the Contract, free and clear of all Liens and Claims, with all such Liens and Claims to attach to the proceeds of the Sale in the same amount and order of priority, with the same validity, force and effect, and subject to the same defenses as existed immediately before the Closing of the Sale. Subject to such closing and satisfaction of all terms and conditions of this order and the Contract, all Liens and Claims shall be and hereby are released, terminated and discharged as to the Property, and all holders of Liens and Claims shall forever be barred estopped and permanently enjoined from asserting such Liens and Claims against Purchaser (inclusive of any assignee of Purchaser's who shall receive title of the Property from the Debtor at Closing) or any of Purchaser's real or personal property including, but, not limited to, the Property.

3.      The Debtor is authorized to consent to ordinary adjustments at Closing and to pay, or cause to be paid, the following items from the Sale proceeds, (i) New York State Transfer Taxes, (ii) all recording and customary title charges, including but not limited to any outstanding real estate taxes, homeowners association dues or assessments, and water and sewer charges related to the Property;  (iii) the Debtor's real estate closing attorney, Claude P. Priolet, Esq. the sum of $1,250, and (iv) the Debtor's real estate broker's earned commission (4%, as provided in the

Court's prior order authorizing the broker's retention). If any of the foregoing amounts is the subject of a good faith dispute, the disputed amount shall be held in an attorneys escrow account until resolved by the parties or by an order of this Court, and such escrow shall constitute payment for purposes of title insurance.

4.      Pursuant to §§ 105 and 363 of the Bankruptcy Code, the Debtor and the Purchaser are each hereby authorized and the Debtor is hereby directed, without the need for any further Order of the Court, to take any and all actions necessary or appropriate to (a) consummate the Sale of the Property in accordance with the Motion, the Contract and this order and (b) perform, consummate, implement and close on the Contract together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Contract.

5.      Subject to the Closing of the Sale, this order (a) is and shall be effective as a determination that, all Liens and Claims of any kind or nature whatsoever existing as to the Property prior to the Closing have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected, and (b) is and shall be binding upon and shall authorize all entities, including, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Property conveyed to the Purchaser.  Subject to the Closing, all such entities described above in this paragraph are authorized and specifically directed to strike all recorded Liens and Claims against the Property from their records, official and otherwise.

6.      To the extent this order is inconsistent with any prior order or pleading in this Chapter 11 case, the terms of this order shall govern.  To the extent there is any inconsistency between the terms of this order and the terms of the Contract (including any ancillary documents executed in connection therewith), the terms of the Order shall govern.

7.      This order and the Contract shall be binding in all respects upon all creditors and interest holders of the Debtor (whether known or unknown) and all successors and assigns of the Debtor including any subsequently appointed trustee in this Chapter 11 Case.

8.      The Debtor's counsel shall file a closing report within ten (10) days of the Sale's closing.

9.      The 14-day stay of this order under Fed. R. Bankr. P. 6004(h) is waived for cause shown, and this order is effective immediately upon its entry.

10.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order, including the authority to (a) interpret, implement and enforce the terms and provisions of this order (including the injunctive relief provided in this order) and the terms of the Contract, the ancillary agreements contemplated thereby, all amendments thereto and any waivers and consents thereunder; (b) protect the Purchaser, and the Property, from and against any Liens and Claims; (c) compel delivery of all  Property to the Purchaser; (d) compel Purchaser and the Debtor to perform all of their obligations under the Contract; (e) resolve any disputes arising under or related to the Contract or the Sale; and (f) provide any further relief that is necessary or appropriate in furtherance of this order or the Sale.

Dated: White Plains, New York
       April 26, 2022

*/s/Robert D. Drain*
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE