```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:
                                                    Chapter 11
GATEWAY KENSINGTON LLC,                             Case No. 21-22274 (RDD)

                        Debtor.
-------------------------------------------------------------------X
```

**ORDER APPROVING DEBTOR'S SECOND AMENDED
DISCLOSURE STATEMENT AND SCHEDULING HEARING TO
CONSIDER CONFIRMATION OF DEBTOR'S SECOND AMENDED
<u>CHAPTER 11 PLAN OF REORGANIZATION</u>**

Upon the request of the debtor and debtor in possession herein (the "<u>Debtor</u>") for approval under 11 U.S.C. § 1125 of a disclosure statement for a chapter 11 plan of reorganization herein; and there being due and sufficient notice of such request; and upon the objection to such request filed by James Carnicelli and all related pleadings; and upon the record of the hearing held by the Court on such request on April 22, 2022 (the "<u>Hearing</u>"), at which the Court (a) considered the Debtor's proposed changes to the disclosure statement, (b) raised certain questions and made certain comments on the proposed disclosure statement and chapter 11 plan, and (c) held that if the Debtor adequately addressed such questions and comments in an amended disclosure statement the Court would approve such amended disclosure statement and overrule the objection to the disclosure statement; and the Debtor having filed the Debtor's Second Amended Disclosure Statement, dated May 9, 2022 (the "<u>Disclosure</u> <u>Statement</u>") and the Debtor's Second Amended Chapter 11 Plan of Reorganization, dated May 9, 2022 (the "<u>Plan</u>"); and the Disclosure Statement and Plan having adequately addressed the Court's questions and comments raised at the Hearing; and after due deliberation the Court having determined that the Disclosure Statement contains "adequate information" for purposes of 11 U.S.C. § 1125 and should be approved and that the Debtor is entitled to solicit acceptances and seek confirmation of the Plan as set forth herein; and

1

no additional notice of the Debtor's request for approval of the Disclosure Statement being required; and good and sufficient cause appearing, it is hereby

**ORDERED**, that the Disclosure Statement is approved as containing adequate information within the meaning of 11 U.S.C. § 1125; and it is further

**ORDERED,** that in advance of the service date of the documentation as set forth below, the Disclosure Statement may be amended or modified to incorporate immaterial modifications and fill in blanks; and it is further

**ORDERED,** that earlier versions and interim forms of the Disclosure Statement and Plan are of no force or effect; and it is further

**ORDERED,** that the Plan may be modified before or at the confirmation hearing scheduled herein in accordance with the Bankruptcy Code and Bankruptcy Rules upon written notice and the opportunity for a hearing as may be required by Bankruptcy Code and Bankruptcy Rules; and it is further

**ORDERED,** that the Debtor is authorized and empowered to distribute the Plan and Disclosure Statement and solicit acceptances of the Plan pursuant to 11 U.S.C. §§ 1125 and 1126; and it is further

**ORDERED,** that service of the Disclosure Statement and Plan and a copy of this Order effectuated on or before May 11, 2022 to all known creditors, the United States Trustee, the Debtor's taxing authorities, and all other parties in interest shall constitute sufficient notice of the Debtor's request for confirmation of the Plan under Bankruptcy Rules 2002, 3017 and 9006(c); and it is further

**ORDERED**, that on of before May 11, 2022 the Debtor shall cause a ballot for accepting or rejecting the Plan in conformity with Official Form 314 (the "Ballot") to be served on all holders

of claims and interests entitled to vote to accept or reject the Plan, and such service shall be deemed to comply with Bankruptcy Rule 3017(d); and it is further

**ORDERED,** that the hearing to consider confirmation of the Plan will be held on June 14, 2022 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Courthouse, Southern District of New York (White Plains Division), ***via Zoom for Government***, and participants are required to register their appearance by 4:00 PM the day before any scheduled Zoom hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Parties are advised to check the Court Calendar the day before for updated call-in times; and it is further

**ORDERED,** that the Court hereby authorizes Erica Aisner, Esq. to act as the Balloting Agent (the "Balloting Agent"). To be counted, Ballots for accepting or rejecting the Plan must be **actually received** at the applicable address set forth in the ballot instructions by June 9, 2022 at 5:00 p.m. (Eastern Time). Ballots may be returned by first class mail to the address set forth in the Ballot instructions, by hand delivery to such address, or by email to the email address set forth in the Ballot instructions; and it is further

**ORDERED**, that to be counted, a Ballot must be completed as set forth in the Ballot instructions, signed, and indicate an acceptance or rejection of the Plan; and it is further

**ORDERED,** that the Balloting Agent shall inspect, monitor and supervise the solicitation process and shall be responsible for tabulating Ballots and certifying to the Court the outcome of the balloting. The Debtor shall file a voting tabulation report with the Court no later than 12:00 noon (Eastern Time) on June 13, 2022; and it is further

**ORDERED,** that objections to confirmation of the Plan pursuant to Bankruptcy Rule 3020(b)(1) shall be made in writing, filed with the Court at the Court's website

3

[www.nysb.uscourts.gov](www.nysb.uscourts.gov) (login and password are required) and served upon Kirby Aisner & Curley LLP, attorneys for the Debtor, 700 Post Road, Suite 237, Scarsdale, New York 10583, Attn: Erica Aisner, Esq. and the Office of the United States Trustee, with a copy to the Court's chambers, so as to be received on or before June 9, 2022 at 5:00 p.m. The Court shall consider timely filed written objections, and objections not timely filed and not served in accordance with the terms herein may not be considered and deemed waived; and it is further

**ORDERED**, that the Debtor is authorized to file and serve on the objecting party and the United States Trustee, with a copy to the Court's chambers, a reply to any objections to the Plan so as to be received on or before June 13 at 5:00 p.m.; and it is further

**ORDERED,** that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED,** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: White Plains, New York
     May 10, 2022                     */s/Robert D. Drain*
                                            HONORABLE ROBERT D. DRAIN
                                            UNITED STATE BANKRUPTCY JUDGE