UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

GATEWAY KENSINGTON LLC,

          Debtor.

------------------------------------------------------------X

Chapter 11
Case No. 21-22274 (RDD)

## ORDER CONFIRMING DEBTOR'S THIRD AMENDED
## CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. SECTION 1129

The above-captioned debtor and debtor-in-possession, Gateway Kensington LLC (the "Debtor"), having proposed a Second Amended Chapter 11 Plan, dated May 9, 2022 [Docket No. 158] (the "Second Amended Plan") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and a Second Amended Disclosure Statement, dated May 9, 2022 [Docket No. 159] (the "Disclosure Statement"); and the Court having entered an Order on May 10, 2022 approving the Debtor's Disclosure Statement, fixing time for filing acceptances or rejections of the Second Amended Plan and scheduling a hearing to consider confirmation of the Second Amended Plan [Docket No. 160] (the "Scheduling Order"); and a copy of the Second Amended Plan, Disclosure Statement and Scheduling Order having been duly served upon all known holders of Claims and Interests in accordance with the Scheduling Order, along with, to those entitled to vote to accept or reject the Second Amended Plan, a ballot; and James Carnicelli Jr. having filed an objection to confirmation of the Second Amended Plan [Docket No. 168] (the "Objection"); and the Debtor having received one ballot rejecting confirmation of the Second Amended Plan; and the Debtor having filed a Third Amended Chapter 11 Plan of Reorganization, dated June 9, 2022 [Docket No. 170] (the "Plan"), which improved the treatment to the Class 3 claimholders (the only impaired Class of claimholders); and the Debtor having solicited votes from Class 3 claimholders on the Plan; and upon the Certificate of Balloting dated June 9, 2022 [Docket No. 171] ("Certificate of Balloting") indicating receipt of two ballots from Class 3 claimholders, both

accepting the Plan; and the Court having held the hearing to consider confirmation of the Plan on June 14, 2022 (the "Hearing"); and upon the entire record of this case and the Hearing, including but not limited to the statements and representations of counsel, the Declaration of John Fareri on behalf of the Debtor, dated June 13, 2022 submitted in support of confirmation [Docket No. 173] and the testimony of John Fareri taken at the Hearing; and, after due deliberation and for the reasons stated by the Court in its bench ruling at the Hearing, the Court having determined that the Objection should be overruled and that the Plan should be confirmed; and good and sufficient cause appearing,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. As shown by the Affidavit of Service of Erica R. Aisner duly sworn to on May 11, 2022 [Docket No. 162], proper, timely, adequate and sufficient notice of the Hearing to consider confirmation of the Second Amended Plan to all Creditors, Interest holders and parties in interest has been provided in accordance with the Scheduling Order and applicable Federal Rules of Bankruptcy Procedure. No further or other notice of the Hearing or entry of this Order is necessary.

B. This Court has jurisdiction over the subject matter of this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b). The Debtor's request for confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (L), and (O).

C. The Debtor properly modified the Second Amended Plan in the form of the Plan, the Plan does not adversely change the treatment of the Claim of a creditor or Interest of a holder of an interest who has not accepted in writing the modification and, instead, improves the treatment of the only impaired Class of Claims, and, based on the record of the Hearing, the Court finds and concludes that the votes on the Plan were solicited and cast in good faith; the Debtor therefore has

complied with the applicable provisions of Sections 1126, 1127 and 1129(a)(3) of the Bankruptcy Code and Bankruptcy Rules 3018 and 3019.

  D. As set forth in the Certificate of Balloting, the Plan has been accepted in writing pursuant to Section 1126(c) of the Bankruptcy Code by the impaired class of creditors (Class 3), in that, of the holders of Class 3 claims that have voted, more than 2/3 in amount and more than 1/2 in number of the allowed claims of such Class have accepted the Plan.

  E. The Plan satisfies the requirements of Sections 1122 and 1123 of the Bankruptcy Code and its classification of Claims and Interests is reasonable and proper with respect to each Class of Claims and Interests.

  F. The Plan provides for adequate means of implementation which includes funding from the Net Sale Proceeds[1], the Debtor's Cash on Hand, and the Fareri Contribution, which also renders the Plan feasible under Section 1129(a)(11) of the Bankruptcy Code.

  G. The Plan further provides that John Fareri agrees to personally and unconditionally guarantee full and timely payment of all payments due under the Plan. The Fareri Guaranty has been modified to address certain issues outlined in the Objection. A copy of the revised Fareri Guaranty is annexed hereto as **Exhibit A.**

  H. The applicable provisions of the Bankruptcy Code have been complied with in the Plan and by the Debtor and its proponent.

  I. The Plan has been proposed in good faith and not by any means forbidden by law.

  J. With respect to each Impaired class of Claims or Interests, each holder of a Claim as defined in Section 101(5) of the Bankruptcy Code or Interest of such Class has either affirmatively accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount

---

[1] Capitalized terms not defined herein shall have the same meaning as in the Plan.

that such holder would so receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on the Effective Date.

K. The identity, qualifications, and affiliations of the persons who are to be directors, officers, voting trustees, if any, of the Debtor after Confirmation of the Plan have been fully disclosed to the extent currently known and ascertainable.

L. The identity and nature of compensation of any insiders that will be employed or retained by the Debtor and their compensation, if any, have, to the extent currently known and ascertainable, been fully disclosed.

M. Confirmation is not likely to be followed by the need for further financial reorganization of the Debtor.

N. The Plan provides that with respect to any Claim of a kind specified in Sections 507(a)(8) of the Bankruptcy Code, the holder of any such Claim, if any, will receive payment in full on the Effective Date.

O. All fees payable under 28 U.S.C. § 1930 and 31 U.S.C. § 3717 have been paid or will be paid within 30 days after the Effective Date of the Plan.

P. There is no other plan of reorganization that has been moved for confirmation. The Plan is therefore the only plan pending before the Court.

Q. All requirements of Section 1129(a) of the Bankruptcy Code, to the extent that they are applicable to the Debtor and the Plan, have been satisfied.

R. Because there is no Class that has not accepted the Plan, the Debtor does not have to satisfy any of the requirements of Section 1129(b) of the Bankruptcy Code.

**BASED ON THE FOREGOING, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

1.  The findings of this Court set forth above, together with all other bench findings, findings of fact and conclusions of law made by this Court during the Hearing to consider confirmation of the Plan, shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable by Bankruptcy Rule 9014.

2.  The Plan, as modified, clarified and/or supplemented herein and at the Hearing, is confirmed pursuant to Section 1129(a) of the Bankruptcy Code.

3.  The Plan together with all exhibits thereto, this Order, and their respective provisions shall be binding upon the Debtor, all parties in interest, and any and all creditors holding claims of any kind, whether secured or unsecured, contingent or non-contingent, unliquidated or liquidated, against the Debtor and/or its property.

4.  The Guaranty is approved and binding upon the guarantor John Fareri.

5.  The Debtor is hereby authorized to take any and all actions and execute and deliver any and all instruments and documents that it deems necessary and appropriate to effect and consummate the Plan and carry out this Order, including but not limited to the distribution of Net Sale Proceeds in accordance with the Plan and this Order.

6.  John Fareri, the Debtor's Manager, is hereby authorized, empowered and directed to execute any and all documents and bind the Debtor in all ways necessary to carry out the provisions of the Plan without the need for further Court order.

7.  As the Plan expressly contemplates the sale of the Remaining Units after the Effective Date, the Debtor shall not be taxed under any law imposing a stamp or similar tax to the fullest extent as provided for in Section 1146(a) of the Bankruptcy Code including (i) the initial transfer of each of the Remaining Units by the Debtor to a purchaser (the "Initial Transferee"); and (ii) the creation by the Debtor of any mortgage, lien, pledge or other security interest required in connection with the sales. Nothing contained herein shall be deemed to be an exemption from

any such taxes for a subsequent transfer of the Remaining Units by the Initial Transferee or the creation of a mortgage, lien, pledge or other security interest by anyone other than the Debtor under the Plan. All filing and/or recording officers (or any other person or entity with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of Section 1146(a) of the Bankruptcy Code, shall forego the collection of any such tax, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax.

8. The Debtor is authorized to transfer title to the Remaining Units, and the sale of the Remaining Units shall be free and clear of any and all Claims, liens, encumbrances, equities and Interests of any nature or kind (collectively, "Liens") without the need for further Court Order in accordance with the Plan, with all such Liens to attach to such proceeds to the extent provided for under the Plan, as applicable, and shall constitute a sale under Sections 105, 363(b), (f) and (m), 1123(b)(4) and 1129 of the Bankruptcy Code.

9. All actions contemplated by the Plan and authorized by this Order shall be deemed authorized and approved in all respects (subject to the provisions of the Plan) in accordance with all applicable non-bankruptcy laws, including, without limitation, federal and state tax law, securities and corporation laws, and having the same effect of such authorizations and approvals under such laws.

10. The Debtor is hereby authorized and directed to file (i) status/closing reports for the sale of each of the Remaining Units sold post-Confirmation reflecting the proceeds of sale and how such proceeds are being applied, (ii) quarterly post-Confirmation reports on or before the 20th day after the end of each quarter, and (iii) pay United States Trustee fees pursuant to 28 U.S.C. § 1930 and 31 U.S.C. § 3717, until the chapter 11 case is converted, dismissed, or closed. Such fees shall be payable in accordance with 28 U.S.C. § 1930 and 31 U.S.C. § 3717.

11. In the event of any inconsistency between the Plan and this Order, the terms and provisions of this Order shall fully govern.

12. This Order is a judgment for purposes of Fed. R. Civ. P. 58 as incorporated into the Bankruptcy Code by Bankruptcy Rule 9021. The period in which an appeal must be filed shall commence immediately upon the entry of this Order on the docket of the Chapter 11 case maintained by the clerk of the Court.

13. Notwithstanding Bankruptcy Rules 7062 or 3020(e), this Order shall be effective and enforceable immediately upon entry.

14. This Court hereby retains jurisdiction pursuant to and for the purposes of Sections 105, 1127 and 1142 of the Bankruptcy Code and for such other purposes as may be necessary and useful to aid in the confirmation, consummation, and implementation of the Plan.

15. Upon entry of this Order, the Debtor shall be discharged from all pre-Petition Date Claims as set forth in Section 1141(d)(1) of the Bankruptcy Code, and, upon the Effective Date, pursuant to Section 1141(c) of the Bankruptcy Code, except as specifically provided for in the Plan, all property of the Debtor's estate, including but not limited to the Naples Property, shall vest in the Reorganized Debtor, free and clear of all Liens and Claims except as set forth in the Plan.

Dated: White Plains, New York
       June 21, 2022

                                      */s/Robert D. Drain*
                                      HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE